HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL DUANE HUMBURGS, | CASE NO. 3:19-cv-05450-RBL |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

THIS MATTER is before the Court on Petitioner Michael Duane Humburgs's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence. In March 2017, Humburgs pleaded guilty to one count of Felon in Possession of a Firearm, which carries a maximum prison term of ten years. 18 U.S.C. § 924(a)(2).

Humburgs's sentencing memorandum objected to the presentence report's statement that Humburgs and his codefendants were involved in a conspiracy to deal drugs. However, the memorandum did not object to the report's statement that agents found $89,646 in cash, two digital scales, and drugs when they searched Humburgs's property. Humburgs also objected to the report's description of conduct giving rise to Humburgs's prior convictions but did not object to the convictions themselves or an arrest in 1995 for possession of numerous firearms.

ORDER - 1

1       Despite the government's recommendation of a 48-month sentence, the Court ultimately sentenced Humburgs to 72 months in prison and 3 years of supervised release. Before passing the sentence, the Court acknowledged that this was a difficult case because the Court believed that Humburgs fell within the 10% of criminal defendants who are "evil" and therefore not susceptible to rehabilitation. *United States v. Humburgs et al.*, case no. 3:16-cr-05247-RBL-1 (2016), Dkt. # 262 at 7. The Court also explained its reasoning in part by noting that Humburgs "has hurt people who he doesn't even know with the drug activity." *Id*. at 17.

      Humburgs now argues that his counsel rendered inadequate assistance at trial and on appeal. According to Humburgs, his attorney should have objected to the Court's reference to his drug activity under Fed. R. Crim. P. 32 because those facts were disputed in the record and raised this issue on appeal. Humburgs also contends that his trial counsel erroneously failed to object to the Court's statement about Humburgs being "evil" and then blundered again by failing to explicitly raise this issue on appeal. Humburgs also asserts that he is entitled to an evidentiary hearing regarding the drug-related evidence found on his property and his claim that he told his counsel to object to all drug-related information in the presentence report.

      28 U.S.C. § 2255 provides grounds for relief in four circumstances: where (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; and where (4) the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255 (a). The Court need not hold an evidentiary hearing on a § 2255 motion where the claims "can be conclusively decided on the basis of documentary testimony and evidence in the record." *United States v. Espinoza*, 866 F.2d 1067, 1069 (9th Cir. 1988)

(quoting *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988)). Here, the Court can decide the issues based on the record and evidentiary hearing would not impact the outcome.

To succeed on a claim of ineffective assistance of counsel, the petitioner must satisfy a two-prong test: he must show that (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) that counsel's deficient representation "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to show either deficient performance or prejudice is alone sufficient to dispose of a claim for ineffective assistance of counsel. *Id.* at 697. No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. *Id.* at 689. Given the "tempt[ation] for a defendant to second-guess counsel's assistance after conviction," a court must be highly deferential and resist using the benefit of hindsight to judge counsel's decisions. *Id.* Thus, in order to establish the first prong of the *Strickland* test, the petitioner bears the burden to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The second prong requires the petitioner to establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A proponent cannot merely show that the error had "some conceivable effect on the outcome of the proceeding" but rather must show a probability sufficiently great enough to undermine confidence in the outcome. *Id.*

Here, Humburgs's claims fail under both prongs. The Court may have been required to resolve a factual dispute under Rule 32 if Humburgs had objected to the presentence report's description of the drug-related evidence found in Humburgs's home and car, but no such

objection was made. Humburgs's counsel thus did not make an unreasonable error by failing to object at the end of the sentencing hearing. Furthermore, although Humburgs does not raise this argument, counsel's decision not to object to the statement in the report was also a reasonable strategic decision given the outcome of the search. (The decision not to raise this issue on appeal also would have been reasonable on the same basis if it weren't for the fact that counsel actually *did* raise the issue, negating Humburgs's argument).

Humburgs's counsel also did not unreasonably err by failing to object to the Court's assessment of Humburgs's character. The Court was entitled to candidly consider Humburgs's character and an objection would have been meritless. Consequently, Humburgs's appellate counsel (who was the same as his trial counsel) also did not act unreasonably by deciding to address the Court's comment implicitly rather than directly in briefing.

Finally, Humburgs also cannot establish prejudice. As the Court of Appeals observed, the Court's determination that Humburgs was dangerous was adequately supported by his offense of possessing a stolen hand gun with an extended magazine and laser sight, as well as his criminal history. Even if the Court had not considered the evidence of drug distribution or formed the opinion that he is "evil," Humburgs's sentence likely would not have been different.

For these reasons, Humburgs's Motion is DENIED.

IT IS SO ORDERED.

Dated this 26th day of November, 2019.

Ronald B. Leighton
United States District Judge